Dmitry Lapin, Esq. (ILND Bar # 5224027)
Danchuk Law LLC
2 Victoria Lane
Falmouth Maine 04105
207-464-0099
dmitry@emilyesquire.com
*Lead Counsel for Plaintiff*

Jesus Giovanny Avendano, Esq. (ILND Bar # 6317310)
Avendano Law LLC
55 E Monroe Street Suite 3800
Chicago, IL 60603
(872) 239-8270
*Local Counsel for Plaintiff*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HILLARY WHITE, an individual, | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT |
| PIXELS.COM, LLC, an Illinois Limited Liability Company, and DOES 1-10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| Defendants. | |
| | Jury Trial Demanded |

Plaintiff Hillary White ("White" or "Plaintiff"), by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

Plaintiff Hillary White is a Maine artist whose unique artwork incorporates various themes, including 1980's redux-inspired t-shirt designs. White's livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs. Unfortunately, White's artwork has

been misappropriated and incorporated into unauthorized apparel and personal accessory items being sold on Defendant Pixels.com, LLC ("Pixels") websites and marketplaces, www.pixels.com and www.fineartamerica.com (collectively referred to as the "Websites"). Despite Plaintiff's submission of numerous takedown notices pursuant to the Digital Millennium Copyright Act ("DMCA") to Pixels, her copyrights continue to be infringed. This action is brought to address Pixels' failure to comply with Plaintiff's DMCA notices, Pixels' failure to expeditiously remove certain listings on the Websites, Pixels' failure to remove repeat infringers, and the resulting ongoing and willful infringement of Plaintiff's rights in and to her artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Pixels.com, LLC is subject to personal jurisdiction in Illinois because it is organized and existing under the laws of the State of Illinois.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because a substantial part of the events resulting in Plaintiff's claim occurred in this district and because Defendant is domiciled in this district.

## PARTIES

5. Plaintiff Hillary White is an individual domiciled and residing in Belfast, Maine.

6. Upon information and belief, Pixels is a limited liability company organized and existing under the laws of the State of Illinois.

7. Upon information and belief, Pixels provides online marketplaces where users can upload images onto the Websites for customers to purchase a variety of merchandise bearing those images.

8. Upon information and belief, Defendants Does 1-10, inclusive, are manufacturers and/or vendors of products offered for sale on the Websites, which Doe Defendants have manufactured, imported, supplied and distributed apparel and other products bearing unlawful reproductions of Plaintiff's artworks, without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

9. Upon information and belief, and at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

10. Plaintiff is the creator and sole owner of the copyrights to the following works of art: "The Bodacious Period," "My First Kitten," "Listen to Folk," "Trashvengers," "I Delight In My Own Filth," "Princess of Feral Cats," "Street Cats," and "My First Kitten" (collectively referred to as the "Subject Designs").

11. The Subject Designs, along with their associated U.S. Copyright Registration Numbers, and effective dates, are as follows:

| Title | Registration Number | Effective Date |
|---|---|---|
| Street Cats | VA0002145686 | 3/27/2019 |
| Princess of Feral Cats | VA0002205000 | 5/11/2020 |
| Bodacious Period | VA0002137577 | 7/5/2018 |
| Listen to Folk | VA0002180612 | 9/19/2019 |
| Trashvengers | VA0002236128 | 12/19/2020 |
| I Delight in My Own Filth | VA0002207953 | 5/26/2020 |
| My First Kitten | VA0002164116 | 7/14/2019 |
| My Eyes Are Up Here | VA0002145132 | 3/2/2019 |

12. Prior to the acts complained of herein, Plaintiff posted the Subject Designs in her online portfolio on DeviantArt.com and offered them all for sale on t-shirts via websites including, but not limited to RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

13. Following Plaintiff's publication and distribution of products bearing the Subject Designs, she discovered that certain entities and individuals had misappropriated the Subject Designs and were selling apparel and personal accessory products bearing illegal reproductions of the Subject Designs on Pixels' Websites.

14. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the Doe Defendants created, sold, manufactured, caused to be manufactured,

imported and/or distributed apparel and other products bearing designs which are identical to the Subject Designs, hereinafter referred to as the "Infringing Product(s)."

15. Annexed hereto as **EXHIBIT A** are each of the Subject Designs, followed by screen captures of the corresponding Infringing Products. The exemplars contained therein are non-inclusive, and the allegations set forth herein are as to all infringing uses of Plaintiff's works, including but not limited to, all unlawful displays of the Subject Designs, and all products sold by Defendants, and each of them, that bear a design that is identical or substantially similar to the individual Subject Designs.

16. On June 5, 2021, Plaintiff submitted two separate notices of copyright infringement to Pixels, in compliance with the DMCA, annexed hereto as **EXHIBIT B**.

17. The June 5, 2021 notice was submitted via email to Pixels' designated copyright agent, dmca@stites.com and alerted Pixels to a total of fifteen unique listings on the Websites, bearing six of the eight Subject Designs – "Street Cats," "Princess of Feral Cats," "Bodacious Period," "Listen to Folk," "Trashvengers," and "I Delight In my Own Filth."

18. The first June 5, 2021 DMCA takedown notice alerted Pixels that users "Andrew Jr" and "Ferrick Barcellos" were repeat infringers. The second notice advised Pixels that user "Andrew Jr" was a repeat infringer.

19. Upon information and belief, user "Andrew Jr" uploaded five of the listings itemized in the June 5, 2021 DMCA takedown notices.

20. Upon information and belief, user "Ferrick Barcellos," uploaded two of the listings itemized in the June 5, 2021 DMCA takedown notices.

21. Pixels removed the fifteen unique listings but did not terminate the accounts of either "Andrew Jr" or "Ferrick Barcellos."

22. Plaintiff has not received a DMCA takedown counter notice regarding any of the listings identified in the June 5, 2021 DMCA takedown notices.

23. On June 29, 2021, Plaintiff submitted a DMCA takedown notice to Pixels, in compliance with the DMCA, annexed hereto as **EXHIBIT C.**

24. The June 29, 2021 takedown notice was submitted via email to Pixels' designated copyright agent, dmca@stites.com and alerted Pixels to eleven unique listings on the Websites, bearing four of the eight Subject Designs – "Street Cats," "Princess of Feral Cats," "Bodacious Period," and "My First Kitten."

25. Additionally, the same notice notified Pixels that user "Ferrick Barcellos" is a repeat infringer and that the same user re-uploaded copyright artwork that was the basis of her June 5, 2021 DMCA takedown notice. A copy of the June 5, 2021 notice was included with the June 29, 2021 DMCA takedown notice.

26. User "Ferrick Barcellos" uploaded/re-uploaded three of the Subject Designs – "Street Cats," "Princess of Feral Cats," and "Bodacious Period" – across six listings on the Websites.

27. Pixels removed the eleven unique listings identified in the June 29, 2021 DMCA takedown notice but did not terminate the accounts of either "Andrew Jr" or "Ferrick Barcellos."

28. Plaintiff has not received a DMCA takedown counter notice regarding any of the listings identified in the June 29, 2021 DMCA takedown notice.

29. On July 17, 2021, Plaintiff submitted a third DMCA takedown notice to Pixels, in compliance with the DMCA, annexed hereto as **EXHIBIT D.**

30. The July 17, 2021 notice was submitted via email to Pixels' designated copyright agent, dmca@stites.com and alerted Pixels to six unique listings on the Websites, bearing three of the eight Subject Designs – "Street Cats," "Princess of Feral Cats," and "Bodacious Period."

31. Additionally, the same notice once again notified Pixels that user "Ferrick Barcellos" is a repeat infringer that has repeatedly uploaded/re-uploaded copyrighted artwork, and again referenced and attached both the June 5, 2021 and June 29, 2021 DMCA takedown notices.

32. The July 17, 2021 DMCA takedown notice was comprised exclusively of items listed by "Ferrick Barcellos" on the Websites.

33. Pixels has failed to remove two of the six listings contained in the July 17, 2021 DMCA takedown notice, and as of the filing of this Complaint, these two listings remain active on the Websites.

34. On July 19, 2021, Plaintiff submitted a fourth notice of copyright infringement to Pixels, in compliance with the DMCA, which is annexed hereto as **EXHIBIT E.**

35. The July 19, 2021 notice was submitted via email to Pixels' designated copyright agent, dmca@stites.com and alerted Pixels to two unique listings on the Websites, bearing one of the Subject Designs – "My Eyes Are Up Here."

36. Additionally, the same notice – and for the fourth time - notified Pixels that user "Ferrick Barcellos" is a repeat infringer that has repeatedly infringed Plaintiff's copyrights.

37. Upon information and belief, and as of the filing of this Complaint, users "Andrew Jr" and "Ferrick Barcellos" remain as active users on the Websites. As a result, Pixels and these users, retain the benefit of the unauthorized sale and display of the Subject Designs, as well as other works owned and created by White.

## DMCA SAFE HARBOR PROTECTION

38. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39. As an online service provider who hosts content for third parties, Pixels is an entity that may be protected under the safe harbor provisions of the DMCA, 17 U.S.C. § 512.

40. Upon information and belief, Pixels can remove each listing for infringing product that is hosted on the Websites.

41. Pixels has a registered agent with the United States Copyright Office for the purposes of investigating and complying with DMCA notices submitted to Pixels.

42. Upon information and belief, Pixels has failed to adopt a policy to address the termination of repeat infringers in appropriate circumstances.

43. Upon information and belief, and assuming, *arguendo*, that a policy as to the termination of repeat infringers in appropriate circumstances actually exists, said policy is on its face, unreasonable.

44. Upon information and belief, and assuming, *arguendo,* that a policy as to the termination of repeat infringers in appropriate circumstances actually exists, Pixels has failed to reasonably implement said policy.

45. Plaintiff provided Pixels with actual and/or red flag knowledge that two of its users were repeat infringers, going as far as demonstrating that one of the subject users was repeatedly reposting artwork that were the subject of prior DMCA takedown notices.

46. Upon information and belief, Pixels had actual and/or red flag knowledge that numerous listings on the Websites infringe White's original Subject Designs.

47. Upon information and belief, and upon obtaining knowledge of the repeated infringing activity, Pixels failed to terminate users "Andrew Jr" and "Ferrick Barcellos," resulting in continued copyright infringement of the Subject Designs.

48. Upon information and belief, Pixels was actually notified of the infringing behavior of users "Andrew Jr" and "Ferrick Barcellos" from other copyright owners.

49. Upon information and belief, there is no reasonable justification for Pixels' failure to terminate users "Andrew Jr" and "Ferrick Barcellos."

50. Pixels has wholly and completely failed to suspend or disable users like "Ferrick Barcellos," and other repeat infringer seller accounts, despite valid notifications of their infringing behavior. Instead, Pixels continues to grant these repeat infringers unfettered access to its services to sell illegal and infringing products with full knowledge of the infringing practices.

51. Upon information and belief, Pixels is willfully blind to specific infringers on its Websites.

52. Upon information and belief, and upon receiving a valid notification of copyright infringement, Pixels failed to act expeditiously to remove or disable access to infringing material.

53. Upon information and belief, and upon receiving a valid notification of copyright infringement on July 17, 2021, Pixels failed to act expeditiously to remove or disable access to the infringing material detailed in the notification.

54. Upon information and belief, Pixels had the right and ability to control the infringing activity that is the subject of this Complaint and also received a financial benefit directly attributable to the infringing activity.

55. For each of the aforementioned reasons, Pixels cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

## **DAMAGE TO PLAINTIFF**

56. Plaintiff repeats, realleges and incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

57. In response to the widespread infringement of her proprietary artwork, White has spent hours identifying infringing material on the Websites and preparing and submitting DMCA takedown notices to Pixels. But for this infringement, White would have spent this time creating new artwork and earning a living.

58. Despite White's DMCA takedown notices, Pixels has failed to take action in an expeditious manner to remove the infringing material.

59. Pixels has failed to take appropriate action in an expeditious manner as it relates to the July 17, 2021 DMCA Takedown Notice.

60. Despite White's efforts, products bearing illegal copies of her artwork continue to be sold on the Websites.

61. Despite White's efforts, products bearing illegal copies of her artwork continue to be sold on the Websites, including without limitation, products manufactured, sold, and distributed by repeat infringers.

62. White has lost sales as a direct result of the infringing products listed on the Websites, as set forth *supra*, and but for the infringing sales, White would have sold more original, legal product.

63. Upon information and belief, the quality of many of the infringing products is substantially inferior to White's original product. The sale of such inferior product by Defendants has harmed, and will continue to harm, White's reputation as an artist and retailer of product bearing her artwork.

**FIRST CLAIM FOR RELIEF**
(For Copyright Infringement – Against All Defendants, and Each)

64. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

65. White is, and at all relevant times has been, the owner of the Subject Designs.

66. The Subject Designs are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

67. White has complied in all respects with the provisions and requirements of the Copyright Act.

68. White duly registered the copyrights in and to all of the Subject Designs with the United States Copyright Office prior to the acts complained of herein.

69. White has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Designs.

70. Without White's authorization, the Subject Designs were reproduced on distributed products and were publicly displayed on the Websites and offered for sale.

71. Defendants, and each of them, had actual and/or red flag knowledge of the infringement of Plaintiff's copyrights.

72. Pixels had actual and/or red flag knowledge of the infringing listings on the Websites as a result of Plaintiff's DMCA takedown notices.

73. Pixels had actual and/or red flag knowledge of repeat infringers reposting infringing material on the Websites.

74. White provided notice to Pixels in compliance with the DMCA and Pixels failed to expeditiously disable access to or remove at least two infringing listings on the Websites.

75. In failing to disable and/or remove the infringing listings from the Pixels after receipt of Plaintiff's DMCA notices, Pixels acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

76. In failing to terminate the accounts of repeat infringers, Pixels has failed to reasonably implement its policy as to repeat infringers - to the extent that such policy exists – and as such, has acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

77. Pixels directly infringed White's copyrights by continuing to allow public access to the infringing listings on the Websites and/or Pixels' server or on servers controlled by Pixels or through access controlled by Pixels to third party servers, and by continuing to allow sales of a vast array of infringing products by known repeat infringers.

78. Upon information and belief, Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's online design portfolio located at DeviantArt.com; (b) access to the Subject Designs listed for sale on t-shirts on various websites by Plaintiff including, but not limited to, RedBubble.com, Threadless.com, and TeePublic.com; (c) access to illegally manufactured, imported and distributed copies of the Subject Designs by third-party vendors and/or the DOE Defendants, including without limitation international and/or overseas manufacturers and printing mills; and (d) t-shirts manufactured and sold to the public bearing items lawfully printed with the Subject Designs. Access is also established by the striking similarity between the Subject Designs and the corresponding artwork on Defendants', and each of their, infringing products.

79. Upon information and belief, one or more of the Doe Defendants has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Designs in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

80. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling apparel and/or other products which infringe the Subject Designs through Pixels' nationwide and worldwide network.

81. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

82. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

83. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

84. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

85. Plaintiff claims all damages and remedies available under 17. U.S.C. §§504 and 505.

**SECOND CLAIM FOR RELIEF**
(For Vicarious and/or Contributory Copyright Infringement
–Against All Defendants, and Each)

86. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint herein by reference as though fully set forth herein.

87. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Designs as alleged herein.

88. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

89. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

90. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

91. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**
**With Respect to Each Claim for Relief**

a. Against Defendants, and each of them, for willful copyright infringement;

b. Alternatively, against Defendants, and each of them, for copyright infringement;

c. Against Defendants, and each of them, for vicarious and contributory copyright infringement;

d. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the Subject Designs;

e. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, Plaintiff may elect statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

f. That Plaintiff be awarded its statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505, *et seq.*;

g. That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

h. That Plaintiff be awarded the costs of this action;

i. That Plaintiff be awarded pre-judgment interest as allowed by law; and

j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Dated: August 6, 2021

By:

Respectfully submitted,

/s/ Dmitry Lapin
Dmitry Lapin, Esq. (ILND Bar # 5224027)
Danchuk Law LLC
2 Victoria Lane
Falmouth Maine 04105
207-464-0099
dmitry@emilyesquire.com
*Lead Counsel for Plaintiff*

Jesus Giovanny Avendano, Esq.
(ILND Bar #6317310)
Avendano Law LLC
55 E Monroe Street Suite 3800
Chicago, IL 60603
(872) 239-8270
*Local Counsel for Plaintiff*